Melissa Kay **RESENDEZ** a/k/a Melissa Kay Davis, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–00–188–CR.

Court of Appeals of Texas, Waco.

June 27, 2001.

Rehearing Overruled July 18, 2001.

John W. Segrest, Criminal District Attorney, James Wiley, Assistant Criminal District Attorney, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Melissa Kay Resendez, a/k/a Melissa Kay Davis, was indicted for the murder of her husband, Michael Davis. Davis was found dead in Cameron Park, Waco, Texas. He had been shot with a firearm four times and sustained wounds in the back of his head and in his back. Resendez contended at trial that she shot Davis in self-defense because he had attempted to sexually assault her. Resendez was convicted of murder and sentenced to 35 years in prison. We affirm.

■ In her first issue, Resendez contends that her rights to equal protection and due process were violated when the State asked questions concerning the race of the men with whom she had relationships. At trial, the State asked Detective John Rozysky about the identity of Resendez' boyfriend. He replied, "Kevin Willis." The State then asked:

Q. And the race of Mr. Willis?

When Resendez took the stand, the State, on cross-examination, asked:

Q. You admit having sexual relations with Ron McClain, a 41 year old
  ₀ black male that you saw testify here today?

                    *        *        *

Q. Did you go with a white man on that occasion?

Resendez did not object to the first or second question by the State. When she

John M. Hurley, Waco, for appellant.

objected to the third question as to the relevance of the race of anyone with whom she had sexual relations, the trial court sustained the objection. The court also instructed the jury "to disregard the last statement of counsel for any purpose whatsoever." Resendez did not pursue this objection to an adverse ruling as required. *See Anderson v. State,* 932 S.W.2d 502, 507 (Tex.Crim.App.1996).

■ On appeal, Resendez argues that the State's questions were nothing more than attempts to "appeal to ethnic prejudice" and were error. She contends that the error in asking those questions was fundamental and systemic and required no objection. The Court of Criminal Appeals has recently spoken on this issue. *See Brooks v. State,* 990 S.W.2d 278 (Tex.Crim.App.1999). In *Brooks,* the defendant complained that a witness's testimony was elicited to appeal to the potential racial prejudices of the jury. The defendant also did not object to the testimony. The Court of Criminal Appeals held that because the defendant did not object, nothing was preserved for review, and the issue was overruled. *Id.* at 286. Regardless of how we may have decided the issue if presented to us as an issue of first impression, we are bound to follow the precedent set by the Court of Criminal Appeals. Resendez has presented nothing for our review because she did not object to the State's questions and did not pursue the one objection to an adverse ruling. *See id.* Her first issue is overruled.

■ In her second issue, Resendez complains that the judgment and sentence incorrectly reflect that the court found that a deadly weapon had been used in the commission of the offense. At oral argument, Resendez and the State agreed that the jury, not the court, made the deadly weapon finding and that modification of the judgment to reflect the jury's determina-tion was the most that was necessary. We sustain Resendez' second issue and modify the judgment to reflect that the jury found a deadly weapon was used in the commission of the offense. *See* TEX. R. APP. P. 43.2(b).

The trial court's judgment is affirmed as modified.

Justice VANCE dissenting.

VANCE, Justice, dissenting.

The United States Supreme Court has said, "Because of the risk that the factor of race may enter the criminal justice process, we have engaged in 'unceasing efforts' to eradicate racial prejudice from our criminal justice system." *McCleskey v. Kemp,* 481 U.S. 279, 309, 107 S.Ct. 1756, 1776, 95 L.Ed.2d 262 (1987) (citing *Batson v. Kentucky,* 476 U.S. 79, 85, 106 S.Ct. 1712, 1716, 90 L.Ed.2d 69 (1986)). We should be engaged in the same endeavor.

The right to a trial free of racial prejudice is, in my view, a fundamental, systemic requirement of the criminal justice system. *See Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993). It is thus a category-one right under *Marin,* not subject to the preservation requirement of Rule 33 or a harm analysis under Rule 44. *See id.* at 280.

Although the record does not prove a sinister motive by the State, the fact is that the prosecutor unnecessarily asked questions that had the potential to appeal to racial prejudice. Because I view this as a violation of Resendez' fundamental right to a trial free of racial prejudice, I would reverse the judgment. Because the majority does not, I respectfully dissent.