

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00084-CR

WALTER MANUEL CARDONA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2021-1386-C2

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Walter Manuel Cardona appeals his conviction for continuous sexual assault of a child.[1] He claims the statute criminalizing the alleged conduct is facially unconstitutional. Because he did not make this argument to the trial court, Cardona forfeited appellate review of the argument. We affirm the trial court's judgment.[2]

## I. Background

Testimony was presented that over a span of two years, Cardona repeatedly engaged in various forms of sexual abuse of a young girl when she was younger than fourteen years of age. The jury found Cardona guilty and recommended a sentence of life imprisonment. The trial court sentenced Cardona accordingly.

## II. Cardona's Point of Error Was Not Preserved for Our Review

Cardona's sole point of error complains that Section 21.02 of the Texas Penal Code is facially unconstitutional.[3] "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). To preserve a complaint for our review, a party must first present "to the trial court a timely request, objection, or motion" stating the specific grounds for the desired ruling if

---

[1]*See* TEX. PENAL CODE ANN. § 21.02 (Supp.).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]"The constitutionality of a statute is a question of law we review de novo." *Navarro v. State*, 535 S.W.3d 162, 165 (Tex. App.—Waco 2017, pet. ref'd) (citing *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007)). "We begin with the presumption that the statute is valid and that the legislature did not act arbitrarily and unreasonably in enacting it." *Id.* (citing *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)).

not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly; or . . . the complaining party objected to the [trial court's] refusal" to rule. TEX. R. APP. P. 33.1(a)(2).

Cardona did not present his challenge to the constitutionality of Section 21.02 to the trial court. Though "preservation of error is systemic and a first-level appellate court should ordinarily review the issue on its own motion, we will not be hyper-technical in our examination of whether error was preserved." *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (footnote omitted) (citation omitted). Nonetheless, a party must take some steps "to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it" lest the party forfeit the complaint on appeal. *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005).

Here, Cardona never urged his challenge to the facial constitutionality of Section 21.02 to the trial court. Because he did not preserve this argument for our review, we overrule the point of error.[4]

---

[4]Cardona would have this Court overrule *Karenev*, *supra*, and address the merits of his point of error. An intermediate court of appeals is "bound to follow the precedent set by the [Texas] Court of Criminal Appeals." *Resendez v. State*, 50 S.W.3d 84, 86 (Tex. App.—Waco 2001, pet. ref'd). We have no authority to act as Cardona requests.

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      November 13, 2023
Date Decided:        November 14, 2023

Do Not Publish