

# NUMBER 13-18-00043-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JOSE ISRAEL RAMOS,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

## On appeal from the 54th District Court
## of McLennan County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellant Jose Israel Ramos appeals his convictions for four counts of indecency

with a child by contact, a second-degree felony, and one count of continuous sexual

assault of a child, a first-degree felony.  *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11.  By

three issues, Ramos argues that (1) the trial court erred when it admitted the report of

Ann Sims, M.D.; (2) the trial court erred when it admitted Dr. Sims's opinion; and (3) the evidence was factually insufficient. We affirm.

## I. BACKGROUND[1]

Appellant and his wife, F.R., adopted V.R. when she was two or three years old.[2] They later divorced but continued to live together. When V.R. was thirteen years old, she made an outcry of sexual abuse to her maternal grandmother, R.G. V.R. alleged that her father, appellant, had been sexually abusing her since she was around ten years old.

After V.R.'s outcry, appellant and F.R. took V.R. to Hillcrest Hospital in Waco, Texas, and the hospital contacted the Waco Police Department. Shortly thereafter, V.R. gave a forensic interview at the Children's Advocacy Center. Investigator Kim Clark determined that a medical examination of V.R. was needed after watching the forensic interview. Investigator Clark testified that the purpose of the medical exam was "so that [V.R.] could get checked and know that her body was okay [and to check] for sexually transmitted diseases and the possibility of any physical findings." Investigator Clark requested the medical exam be performed by Dr. Sims, a physician with the Child Advocacy Center.

On May 28, 2013, about a week after making her outcry, V.R. was examined by Dr. Sims. During the examination, V.R. disclosed to Dr. Sims that appellant began to sexually abuse her when she was ten or eleven years old. V.R. provided Dr. Sims with details of the abuse and informed her that the individual responsible for the abuse was appellant. Appellant objected to Dr. Sims's report from the examination because it was

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] We use aliases to protect the identities of the complainant and her family. *See* TEX. R. APP. P. 9.8 cmt.; *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.).

based on hearsay and because its probative value was outweighed by a risk of unfair prejudice. Appellant objected to Dr. Sims's testimony because it was "not helpful" to the jury. The trial court overruled these objections.

Dr. Sims explained that the historical statements given by V.R. during the medical examination were part of the basis for her report. Dr. Sims further explained that the referral is made to check for any concerns regarding a child's health and that, in order to make a determination of diagnosis and treatment, she needs to have details regarding the child's history of sexual abuse. Her report included details of the alleged abuse V.R. suffered and the identity of the abuser (appellant). Dr. Sims testified that the examination had been requested by law enforcement, not V.R., but that she had explained the examination and its purpose to V.R. and her mother. Dr. Sims opined V.R. knew the difference between the truth and a lie.

V.R. also testified. She stated that she had temporarily recanted her story prior to trial because "I mean, he's my dad." V.R. explained she did not want to testify about the abuse in court and that doing so was very difficult for her. However, V.R. confirmed that appellant had committed the sexual abuse alleged by the State.

Appellant took the stand and denied all of the accusations. He asserted that V.R. had been a "disturbed" child and that she had fabricated the allegations because he forced her to break up with her boyfriend and because she was afraid of getting in trouble for an incident that had occurred at school.

The jury found appellant guilty and assessed punishment at forty-two years' imprisonment for the for continuous sexual abuse of a child count and ten years for each of the four counts for indecency with a child by contact, with the sentences to run concurrently. This appeal followed.

3

## II.    DISCUSSION

## A.    Factual Sufficiency

By his third issue, which we address first, appellant argues that the evidence is factually insufficient to support his conviction.  Appellant does not argue that the evidence is legally insufficient and concedes that the Texas Court of Criminal Appeals has abolished factual-sufficiency review.  *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010) (plurality op.).  Nevertheless, appellant encourages us to employ a factual sufficiency review only and contends that *Brooks* should be reconsidered in light of the Texas Constitution and the Texas Code of Criminal Procedure.

Appellant cites case law that is critical of the court of criminal appeals' decision in *Brooks*, *see, e.g.*, *Johnson v. State*, 419 S.W.3d 665, 671 n.2 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd), and he points out that the Texas Constitution confers appellate jurisdiction on the courts of appeals and provides that these courts "shall be conclusive on all questions of fact brought before them on appeal."  TEX. CONST. art V, § 6.  Appellant also points to article 44.25 of the Texas Code of Criminal Procedure, which states that intermediate appellate courts "may reverse the judgment in a criminal action, as well upon the law as upon the facts."  TEX. CODE CRIM. PROC. ANN. art. 44.25.  We are not persuaded.

The court of criminal appeals' decision in *Brooks* is still binding upon this Court until the court of criminal appeals provides otherwise.  The *Brooks* decision is binding precedent, and we are compelled to comply with its dictate.  *State v. Stevenson*, 993 S.W.3d 857, 867 (Tex. App.—Fort Worth 1999, no pet.); *see Villareal v. State*, 504 S.W.3d 494, 509 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) ("[A]s an intermediate

4

appellate court, we must follow the binding precedent of the court of criminal appeals."). Accordingly, we reject appellant's request to review the evidence for factual sufficiency.

Nevertheless, because courts of this state no longer conduct factual sufficiency analyses in criminal cases, we construe appellant's contention as a legal sufficiency challenge. *See Brooks*, 323 S.W.3d at 912; *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).

To determine whether the evidence is legally sufficient, we consider all of the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State,* 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks,* 323 S.W.3d at 898–99. Because the jury is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim App. 2000) (en banc).

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi–Edinburg 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc)). A hypothetically correct jury charge lists all elements of the offense, is consistent with the indictment, and does not unnecessarily increase the prosecution's burden of proof. *Villareal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).

5

A hypothetically correct jury charge would state that a person commits the offense of indecency with a child by contact if the person, with a child under the age of seventeen, engages in sexual contact with the child or causes a child to engage in sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" includes any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child with the anus, breast, or any part of the genitals of a person provided said touching is done with an intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c).

Here, the State alleged and the jury found that appellant engaged in sexual contact with V.R. by: touching V.R.'s breast with his hand in 2011; touching V.R.'s breast with his mouth in 2011; touching V.R.'s breast with his hand in 2012; and touching V.R.'s breast with his mouth in 2012. At trial, V.R. testified that appellant had touched her breasts with his mouth and hand numerous times from when she was ten years old until she was thirteen. A jury may convict on the testimony of a child victim alone. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd); *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). Thus, looking at all of the evidence in the light most favorable to the verdict, we conclude there was evidence from which a rational fact finder could have found beyond a reasonable doubt that appellant had committed each of the four counts of indecency with a child by contact. *See Soto*, 267 S.W.3d at 333–34.

As to continuous sexual abuse of a child, a hypothetically correct jury charge would state that a person commits the offense if: (1) during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time

6

of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age. *Hinojosa v. State*, 555 S.W.3d 262, 267 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (citing TEX. PENAL CODE ANN. § 21.02(b)). Thus, to convict the appellant of this offense, the jury must have found that appellant committed at least two acts of sexual abuse over a period of at least thirty days. *Render v. State,* 316 S.W.3d 846, 857 (Tex. App.—Dallas 2010, pet. ref'd)). For this offense, the State alleged that appellant caused his sexual organ to touch V.R.'s sexual organ two or more times in a period that was thirty or more days in duration. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11. The State also alleged that appellant caused the mouth of V.R. to contact appellant's sexual organ two or more times in a period that was thirty or more days in duration. *See id.* §§ 21.02, 21.11. Again, V.R. testified that appellant touched her sexual organ with his sexual organ multiple times when she was between the age of ten and thirteen. V.R. also testified that appellant caused her mouth to contact appellant's sexual organ multiple times when she was between the age of ten and thirteen. Therefore, looking at all of the evidence in the light most favorable to the verdict, we conclude a rational fact finder could have found the essential elements of continuous sexual abuse of a child beyond a reasonable doubt. *See Hinojosa*, 555 S.W.3d at 268; *Soto*, 267 S.W.3d at 332.

We overrule appellant's third issue.

## B.    Dr. Sims's Report

By his first issue, appellant argues that the trial court erred when it admitted Dr. Sims's report because it contained hearsay statements and because its probative value was substantially outweighed by a risk of unfair prejudice.

### 1. Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id.*

### 2. Hearsay

Hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement, and it is inadmissible unless otherwise provided by statute or the rules of evidence. *See* TEX. R. EVID. 801(d), 802; *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). Rule 803(4) provides an exception to the hearsay rule if a statement was (1) "made for—and is reasonably pertinent to—medical diagnosis or treatment" and (2) "describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4). "This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment." *Franklin v. State*, 459 S.W.3d 670, 676 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Bautista v. State*, 189 S.W.3d 365, 368 (Tex. App.—Fort Worth 2006, pet. ref'd)). Accordingly, out of court statements made by a suspected victim of child abuse to a physician about the cause and source of the child's abuse are admissible under Texas Rules of Evidence 803(4). *See* TEX. R. EVID. 803(4); *Gregory v. State*, 56 S.W.3d 164, 183 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd).

Appellant argues that neither V.R. nor her mom requested the medical screening conducted by Dr. Sims, and, therefore, the statements were not given pursuant to medical treatment or diagnosis. We disagree. Appellant cites no authority, and we find none, requiring that the alleged victim or parent of the alleged victim request the medical examination for Rule 803(4) to apply. Contrary to appellant's contention, the rule simply requires the victim's statement be reasonably pertinent to medical diagnosis or treatment and that it describe medical history, past or present symptoms or sensations, their inception, or their general cause. TEX. R. EVID. 803(4).

Here, Investigator Clark testified that she scheduled a medical exam "so that [V.R.] could get checked and know that her body was okay [and to check] for sexually transmitted diseases and the possibility of any physical findings." Clark explained that it was standard protocol to ask for a forensic medical examination in cases that involve penetration and that Dr. Sims performed the medical exam. Dr. Sims also testified V.R. was seen for a medical evaluation and that the exam is conducted by the physician and an assistant in a special medical room. Dr. Sims explained she examined V.R. for signs of sexual abuse for the purpose of medical diagnosis and treatment. She stated that the medical exam is explained to the parent and the child before the child is examined, and that she collects the medical history of the child for the purpose of her medical examination. Dr. Sims testified that, in order to make a determination as to diagnosis and treatment, she needs a detailed history of any sexual abuse suffered by the child. Thus, even if V.R. did not request the examination herself, Dr. Sims's testimony nonetheless establishes that V.R.'s statements were made for the purpose of medical diagnosis and treatment. *See* TEX. R. EVID. 803(4); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) ("The object of a sexual assault exam is to ascertain whether

9

the child has been sexually abused and to determine whether further medical attention is needed. Thus, statements describing acts of sexual abuse are pertinent to the medical treatment of a child.").

The record supports a conclusion that V.R.'s statements detailing the acts of sexual abuse and the identity of the abuser were made for the purpose of medical treatment and diagnosis. *See Wells v. State*, 558 S.W.3d 661, 668 (Tex. App.—Fort Worth 2017, pet. ref'd); *Beheler*, 3 S.W.3d at 188–89. Accordingly, the trial court did not abuse its discretion when it admitted Dr. Sims's report over appellant's hearsay objection.

Appellant also argues that the details of the alleged sexual abuse V.R. told Dr. Sims were "not reasonably pertinent to the medical diagnosis and treatment" and that his identity "was not pertinent to [V.R.'s] treatment in any way." We disagree. Texas cases have upheld the admissibility of detailed statements of abuse made during a medical examination, including the identity of the abuser, as pertinent to the victim's medical diagnosis and treatment. *See Bargas v. State*, 252 S.W.3d 876, 896 (Tex. App—Houston [14th Dist.] 2008, no pet.) ("Because treatment of child abuse involves removing child from abusive setting, the identity of abuser is pertinent to medical treatment of the child."); *Mendoza v. State*, 69 S.W.3d 628, 634 (Tex. App.—Corpus Christi–Edinburg 2002, pet. ref'd) (concluding that child's statements to nurse about nature of the child's injuries and naming the defendant as the person who caused them were admissible under medical diagnosis exception); *Molina v. State*, 971 S.W.2d 676, 683–84 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (concluding doctor's testimony that child-molestation victim told him that defendant had touched her genital area was admissible under Rule 803(4); doctor testified that taking "history" and giving physical were crucial in arriving at appropriate diagnosis and that victim understood difference between telling the truth and

10

a lie); *Moyer v. State*, 948 S.W.2d 525, 528 (Tex. App.—Fort Worth 1997, pet. ref'd) (noting that victim's statement in a medical report is admissible under the medical diagnosis exception to the hearsay rule); *Turner v. State*, 924 S.W.2d 180, 182 (Tex. App.—Eastland 1996, pet. ref'd) (concluding that statements describing abusive acts are pertinent to medical diagnosis and treatment). We reject appellant's argument that the statements complained of were not pertinent to a medical examination.

### 3. Rule 403

Next, appellant argues that, even if Dr. Sims's report is admissible under Rule 803(4), the report's probative value is substantially outweighed by a danger of unfair prejudice. *See* TEX. R. EVID. 403.

In considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006); *Navarro v. State*, 535 S.W.3d 162, 168 (Tex. App.—Waco 2017, pet. ref'd). When the trial court exercises its discretion to admit evidence by finding that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, we give deference to that decision. *See Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Navarro*, 535 S.W.3d at 168; *Buxton v. State*, 526 S.W.3d 666, 690 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Therefore, in determining whether

11

the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, we do not conduct a de novo review, and we "should reverse the judgment of the trial court rarely and only after clear abuse of discretion." *Tucker v. State*, 456 S.W.3d 194, 206 (Tex. App.—San Antonio 2014, pet. ref'd) (quoting *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

The Texas Court of Criminal Appeals has noted that trials involving sexual assault may raise evidentiary concerns because the credibility of both the complainant and the accused is a central, often dispositive, issue. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). "Sexual assault cases are frequently 'he said, she said' trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence." *Id.* "Thus, the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Id.* Relevant evidence is evidence that has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. TEX. R. EVID. 401.

Here, appellant denied the State's allegations at trial, V.R. testified the allegations were true, and there was no physical evidence corroborating the allegations of sexual abuse. Thus, the jury was asked to make a decision in a "he said, she said" case of sexual assault unaided by any physical or other corroborative evidence. *See Hammer*, 296 S.W.3d at 561. Dr. Sims's report was relevant because it made the fact that appellant abused V.R. more probable than it would have been without the report, and whether appellant sexually assaulted V.R. was the dispositive fact in the criminal offenses alleged

12

by the State. *See* TEX. R. EVID. 401. As previously concluded, the report is otherwise admissible; appellant presents no other argument for its inadmissibility apart from the previously rejected hearsay argument and this objection based on Rule 403. Because Dr. Sims's report was relevant and admissible evidence, and because it bore on the credibility of V.R. in a "he said, she said" sexual assault case, Rule 403 should be used sparingly. *See Hammer*, 296 S.W.3d at 561.

Furthermore, evidence was introduced that V.R. had temporarily recanted her abuse allegations prior to trial and, as mentioned, there was no corroborating physical evidence of the abuse. Dr. Sims's report was prepared by a medical professional in a controlled setting after V.R. was informed of the purpose of the medical exam and after V.R. confirmed that she knew the difference between the truth and a lie. *See Bautista*, 189 S.W.3d at 368. Accordingly, the probative value of Dr. Sims's report and the State's need for it favored its admission. *See Hammer*, 296 S.W.3d at 561; *Gigliobianco*, 210 S.W.3d at 641–42; *Bautista*, 189 S.W.3d at 368. Additionally, the presentation of Dr. Sims's report did not take an inordinate amount of time or confuse or mislead the jury from the main issues in the case. *See Gigliobianco*, 210 S.W.3d at 641. These factors also favored its admission. *See id.*

On the other hand, Dr. Sims's report detailing appellant's alleged sexual abuse of V.R. was clearly prejudicial to appellant. *See Buxton*, 526 S.W.3d at 691; *Bradshaw v. State*, 466 S.W.3d 875, 883 (Tex. App.—Texarkana 2015, pet. ref'd). However, "[a]ll testimony and physical evidence will likely be prejudicial to one party or the other." *Navarro*, 535 S.W.3d at 168. Rule 403 "envisions exclusion of evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Buxton*, 526 S.W.3d at 690 (quoting *Hammer*, 296 S.W.3d at 568); *see*

13

TEX. R. EVID. 403. Unfair prejudice "refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Tucker*, 456 S.W.3d at 207 (citing *Gigliobianco*, 210 S.W.3d at 641); *Johnson v. State*, 263 S.W.3d 405, 428 (Tex. App.—Waco 2008, pet. ref'd) (citing *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007)). For example, evidence might be unfairly prejudicial if it invokes the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Gigliobianco*, 210 S.W.3d at 641. That is not the case here; the report related directly to the charged offenses and did not suggest a decision on an improper basis. *See id.* at 642; *State v. Melcher*, 153 S.W.3d 435, 440–441 (Tex. Crim. App. 2005); *Tucker*, 456 S.W.3d at 207; *Johnson*, 263 S.W.3d at 428.

As noted, the trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Navarro*, 535 S.W.3d at 168; *see Tucker*, 456 S.W.3d at 206. Based on our review of the record, after balancing the various Rule 403 factors, the trial court could have reasonably concluded that the probative value of Dr. Sims's report was not substantially outweighed by a danger of unfair prejudice. *See* TEX. R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 642–43; *Navarro*, 535 S.W.3d at 168; *Tucker*, 456 S.W.3d at 206. Therefore, we conclude that the trial court did not abuse its discretion when it admitted Dr. Sims's report.

### 4. Conclusion

We overrule appellant's first issue.

## C. Dr. Sims's Opinion

By his second issue, appellant argues that the trial court erred in admitting Dr. Sims's opinion because it was not helpful to the jury. Again, we review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard and will not

14

reverse its decision if it is within the zone of reasonable disagreement. *Johnson*, 490 S.W.3d at 908.

An expert witness may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue. *See* TEX. R. EVID. 702. "For expert testimony to be admissible under [Rule 702], the party offering the scientific testimony must demonstrate, by clear and convincing evidence, that such testimony 'is sufficiently reliable and relevant to help the jury in reaching an accurate result.'" *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) (quoting *Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992)). Appellant only argues that Dr. Sims's opinion was not helpful to the jury because it was not relevant. The relevance inquiry is whether the evidence will assist the trier of fact and whether it is sufficiently tied to the facts of the case. *Id.* at 438. Thus, to be relevant, the expert must make an effort to tie pertinent facts of the case to the scientific principles which are the subject of his or her testimony. *Id.*

Appellant points to Dr. Sims's testimony where she stated that she could not think of a result from a genital examination that would be inconsistent with a complaint of sexual abuse. Appellant argues that, as a result, Dr. Sims's opinion would have been the same regardless of her medical findings.

Here, Dr. Sims explained that sexual assault examinations will not find physical evidence of an assault if more than 96 hours have passed between the assault and the examination. Thus, it is normal for victims of sexual assault to have normal genital examinations if the assault is not reported and the examination is not performed within 96 hours. Dr. Sims explained that, when she examined V.R., it had been one or two months since V.R. was last assaulted. Accordingly, it was not unusual that the results of V.R.'s

15

genital examination were normal, and it was consistent with the type of chronic sexual abuse alleged by V.R.

Dr. Sims's testimony regarding the normal result of V.R.'s genital examination tied the pertinent facts of the case to scientific principles, and it helped the jury understand why there was no physical evidence corroborating V.R.'s allegations and why a victim of sexual abuse can have a normal genital examination. *See id.* Therefore, the trial court did not abuse its discretion in admitting it.

We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of May, 2019.