David NAVARRO, Appellant

v.

The STATE of Texas, Appellee

No. 10-16-00173-CR

Court of Appeals of Texas, Waco.

Opinion delivered and filed November 8, 2017

Discretionary Review Refused March 7, 2018

Stan Schwieger, Attorney at Law, Waco, TX, for David Navarro.

Abel Reyna, McLennan County District Attorney, Sterling A. Harmon, McLennan County Asst. District Attorney, Waco, TX, for The State of Texas.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

TOM GRAY, Chief Justice

David Navarro was convicted of the offenses of Continuous Sexual Assault of a Young Child (Count I) and Indecency with a Child by Contact (Count II). *See* TEX. PENAL CODE Ann. §§ 21.02, 21.11 (West 2014). He was sentenced to life in prison on Count I and 20 years in prison on Count II. The sentences were ordered to run concurrently. Because the trial court did not abuse its discretion in admitting extraneous offense evidence, and because

section 21.02 of the Texas Penal Code is not unconstitutional on its face, the trial court's judgments are affirmed.

## BACKGROUND

Navarro and Tosha met in 2007 or 2008, and began living together within a few months. Tosha had a daughter, T.L., who lived with them. T.L. had mild cerebral palsy. Navarro and Tosha had a child together during their relationship. The relationship ended near the end of 2011 or the beginning of 2012. In July of 2013, T.L. made an outcry to her mother that Navarro had sexually abused her about 10 times, beginning when T.L. was in 3rd grade and ending when she was in 6th grade.

## FACIALLY UNCONSTITUTIONAL

Because Navarro's second issue could be dispositive of Count I of the indictment, we discuss it first. In that issue, Navarro contends the continuous sexual abuse statute, Texas Penal Code section 21.02, is facially unconstitutional. Navarro specifically argues on appeal, as he did in the trial court, that the statute is unconstitutional because the statute does not require jury unanimity as to which specific acts of sexual abuse were committed by the accused or the exact date when those acts were committed.

▮▮ The constitutionality of a statute is a question of law we review de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). We begin with the presumption that the statute is valid and that the legislature did not act arbitrarily and unreasonably in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.* We must uphold a statute if we can determine a reasonable construction which will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979).

▮▮ Jury unanimity is required in all criminal cases in Texas. *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011); *Pollock v. State*, 405 S.W.3d 396, 404 (Tex. App.—Fort Worth 2013, no pet.); *see also* TEX. CONST. art. V, § 13. Every juror must agree that "the defendant committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). However, there is a distinction between a fact that is a specific element of the crime and one that is but the means to the commission of a specific element. *Id.* at 747. Jurors must unanimously agree on all elements of a crime in order to convict, but jurors need not agree on all underlying facts that make up a particular element. *Id.* When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Texas Penal Code section 21.02 provides that, for the offense of continuous sexual assault of a young child, a jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." TEX. PENAL CODE ANN. § 21.02(d) (West 2014). Instead, the jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse. *Id.* Navarro asserts that to be constitutionally sound, the specific acts of sexual abuse must be elements of the crime, not merely part of the manner and means of the offense.

Although the Court of Criminal Appeals has not specifically determined the constitutionality of this statute as to jury unanimity, the Court has discussed the legislative intent behind the statute, noting that

it is the series of acts which constitutes the key element of the offense upon which jury unanimity is required rather than the specific acts of sexual abuse enumerated in the statute. *See Price v. State*, 434 S.W.3d 601, 607-609 (Tex. Crim. App. 2014). Further, many of the Courts of Appeals of this State have reviewed the issue and determined that the statute does not violate the constitutional right to jury unanimity. *See McMillian v. State*, 388 S.W.3d 866, 871-873 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Jacobsen v. State*, 325 S.W.3d 733, 736-739 (Tex. App.—Austin 2010, no pet.); *Render v. State*, 316 S.W.3d 846, 854-858 (Tex. App.—Dallas 2010, pet. ref'd). *See also Pollock v. State*, 405 S.W.3d 396, 404-405 (Tex. App.—Fort Worth 2013, no pet.); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd); *Kennedy v. State*, 385 S.W.3d 729, 730 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825 (Tex. App.—El Paso 2011, no pet.); *Reckart v. State*, 323 S.W.3d 588, 600-601 (Tex. App.—Corpus Christi 2010, pet. ref'd).

Navarro cites to the United States Supreme Court opinion in *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) in support of his argument that the specific acts of sexual abuse are elements of the crime, rather than manner and means. However, *Richardson* has been distinguished by the Austin Court of Appeals in *Jacobsen*, and, after reviewing the opinion in *Richardson* and the opinion in *Jacobsen*, we agree with the Austin Court of Appeals' interpretation of *Richardson* and determine that *Richardson* is not dispositive of Navarro's issue.

Thus, after reviewing all of the cases cited above, we join those coordinate courts in Texas which have determined that the individual acts of sexual abuse are the manner and means by which the element of "two or more acts of sexual abuse" is committed, and not elements in and of themselves. Accordingly, section 21.01 does not violate a defendant's constitutional right to jury unanimity, and Navarro's second issue is overruled.

### EXTRANEOUS OFFENSE EVIDENCE

In his first issue, Navarro contends the trial court erred in admitting extraneous offense evidence in violation of Texas Rules of Evidence 404(b) and 403. *See* TEX. R. EVID. 404(b); 403. We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard and uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). If the ruling was correct on any theory of law applicable to the case, we must uphold the judgment. *See Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

### Rule 404(b)

Generally, extraneous-offense evidence is not admissible at the guilt phase of a trial to prove that a defendant committed the charged offense in conformity with a bad character. TEX. R. EVID. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, extraneous-offense evidence may be admissible when it has relevance apart from character conformity such as rebuttal of a defensive theory. *Id.*; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Specifically, the State may present extraneous-offense evidence to rebut a defensive theory of fabrication. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). The door to the admission of extraneous-offense evidence can be opened to rebut a defensive

theory presented at least as early as in the opening statement. *Dabney v. State*, 492 S.W.3d 309, 317 (Tex. Crim. App. 2016).

The evidence about which Navarro complains is testimony that Navarro's and Tosha's relationship became volatile within the first 5 months, that the violence started with yelling and throwing things, that at one time Navarro grabbed the steering wheel of Tosha's car while she was driving, causing her to "spin out," and that at another time, Navarro held a gun to Tosha's head. Navarro argued at trial, as he argues on appeal, that this testimony was merely propensity evidence and did not rebut Navarro's defensive theory. We disagree with Navarro.

Navarro's defensive theory was that Tosha was motivated to fabricate the sexual abuse allegation a month after Navarro's subsequent engagement to Navarro's current wife, Ashley, because the relationship between Tosha and Navarro had continued to decay after their break-up and Tosha was so upset about Navarro's relationship with Ashley that Tosha had confrontations with Navarro and Ashely which resulted in a change of the location for the exchange of Navarro's and Tosha's child. This theory was established through Navarro's opening statement, cross-examination of the State's witnesses, and direct-examination of Navarro's own witnesses.

During counsel's opening statement, counsel told the jury panel that 1) they would hear about a confrontation that was so bad, Navarro and Tosha had to start exchanging their child in a public place; and 2) once Tosha found out about Navarro's engagement to Ashley, the accusations against Navarro were made a month later. On cross-examination, Tosha was asked whether she knew Navarro was engaged at the time the sexual abuse accusations were made and whether her relationship with Navarro "continued to decay" after their relationship ended.

Further, Navarro was permitted to present testimony from two witnesses, Navarro and his mother, that when Tosha dropped off their child at Navarro's parents' house, Tosha became irate when she saw Ashley exit the house, retrieve something from a vehicle, and go back into the house. Tosha was alleged to have screamed at Navarro and wanted Ashley to come outside and fight. She demanded her car back from Navarro, who had been allowed to keep it after the break-up, and calmed down when the car was given back to her. It was also alleged that this incident occurred when Tosha first learned Navarro was dating someone else. Ashley was asked about this particular incident but, instead, testified about a different incident when Tosha dropped off the child with Navarro. During that event, Ashley and Tosha yelled at each other, and Ashley asserted that Tosha was the instigator. When asked by the trial court why the testimony from Navarro, his mother, and Ashley was relevant, Navarro's counsel replied,

> Bias, animus toward the defendant, and motive to testify against him. It shows the state of their relationship was volatile and that basically they carried on. This was an ongoing type of thing.

The State argues the evidence about the volatile relationship which existed between Navarro and Tosha did not start or result from Tosha learning that Navarro had a new love interest or was going to marry Ashley. Rather, according to the State's theory, the relationship between Navarro and Tosha had been volatile before Ashley was in the picture. Thus, according to the State, Tosha's interaction with Navarro was no different after Ashley came into the picture than before and, therefore, responsive to Navarro's "fabrication" theory

168

that Tosha was reacting in this manner, *i.e.*, making up the sexual assault allegations, only because of Navarro's new relationship with Ashley.

After reviewing the record, we conclude the State's evidence of the volatile relationship directly rebuts Navarro's defensive theory and the expressed reasons for the admission of the incidents when Tosha dropped off the child. Accordingly, the trial court did not abuse its discretion in admitting the extraneous-offense evidence under Rule 404(b).

### Rule 403

Navarro also asserts that exclusion of the evidence was required under Rule 403. Evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403; *see Greer v. State*, 436 S.W.3d 1, 9 (Tex. App.—Waco 2014, no pet.). Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642; 652-53 (Tex. Crim. App. 1996). In considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*,

210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284; *Greer*, 436 S.W.3d at 9. All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value, in other words, the evidence is unfairly prejudicial, that Rule 403 is applicable. *Id.*; *see Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991, op. on rhg).

Navarro generally asserts that the extraneous-offense evidence misleads the jury because the evidence demonstrated that Navarro had the propensity to commit the indicted offenses and has the potential for undue prejudice because proof of other acts should not be admissible to prove points already established by other evidence that is damning. We disagree with Navarro.

Based on our review of the record, the trial court, after balancing the various Rule 403 factors, could have reasonably concluded that the probative value of the extraneous offense testimony was not substantially outweighed by the danger of unfair prejudice or by misleading the jury. Therefore, the trial court did not abuse its discretion in admitting the State's extraneous offense evidence.

Navarro's first issue is overruled.

### CONCLUSION

Having overruled each issue presented on appeal, we affirm the trial court's judgments.