

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00224-CR

**CLEMENTE MEDINA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1332-C1**

## MEMORANDUM  OPINION

A jury found Appellant Clemente Medina guilty of one count of continuous sexual abuse of a child, two counts of sexual assault of a child, and eight counts of indecency with a child by contact.  The jury thereafter assessed Medina's punishment at eighty-five years' imprisonment for the continuous-sexual-abuse offense and twenty years' imprisonment for each of the other offenses.  The trial court entered judgments on the

jury's verdict. The trial court ordered that the first sexual-assault-of-a-child sentence run consecutively to the continuous-sexual-abuse sentence and that the remaining sentences run concurrently. This appeal ensued. We will affirm.

**Outcry Witness**

In his first issue, Medina contends that the trial court erred in allowing an improper outcry witness to testify. We review a trial court's ruling regarding an outcry witness designation for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

Hearsay is inadmissible unless it falls within one of various exceptions. TEX. R. EVID. 802; *Rosales v. State*, 548 S.W.3d 796, 806 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Article 38.072 of the Code of Criminal Procedure, also known as the outcry statute, creates a hearsay exception in the prosecution of certain sexual offenses committed against children for the admission of a child's first outcry of sexual abuse to an adult. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072; *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). There can be only one outcry witness per event of sexual abuse. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011).

Here, the trial court allowed a forensic interviewer from the Children's Advocacy Center to testify as the outcry witness regarding Mary's allegations.[1] Medina contends,

---

[1] There were two alleged victims in this case. They were identified in the indictment by the pseudonyms "Jane Doe" and "Mary Doe." To protect their privacy, we will continue to refer to them by those pseudonyms. Jane and Mary were both alleged victims in Count I of the indictment. Jane was the alleged

however, that an investigator with the Bellmead Police Department was the first adult to whom Mary described the offenses and that the trial court therefore erred in admitting Mary's statements to the forensic interviewer as the outcry witness. Assuming without deciding that the trial court erred, we hold that Medina was not harmed by such error.

The erroneous admission of hearsay testimony under the outcry statute is non-constitutional error. *Gibson v. State*, 595 S.W.3d 321, 327 (Tex. App.—Austin 2020, no pet.); *Rosales*, 548 S.W.3d at 808. Non-constitutional error regarding the admission of evidence is harmful, and thus requires reversal, only if the error affects the defendant's substantial rights. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018); *see* TEX. R. APP. P. 44.2(b); TEX. R. EVID. 103(a). Error affects the defendant's substantial rights when it has a substantial and injurious effect or influence in determining the jury's verdict. *Gonzalez*, 544 S.W.3d at 373. "If[, however,] we have a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction." *Id.*

In cases involving the improper admission of outcry testimony, the error is generally harmless when the victim testifies to the same or similar statements that were improperly admitted or when other evidence setting forth the same facts is admitted without objection. *See, e.g.*, *Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana

---

victim in Counts II through IX of the indictment, and Mary was the alleged victim in Counts X and XI of the indictment. The forensic interviewer testified about Mary's outcry only. No outcry witness testified regarding Jane's allegations.

2014, pet. ref'd); *Zarco v. State*, 210 S.W.3d 816, 833 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd); *Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Here, Mary, who was an adult by the time of trial, provided detailed testimony to the jury about the sexual abuse committed against her by Medina. Mary's testimony about the sexual abuse was very similar to the forensic interviewer's testimony about her outcry.

Medina argues that the admission of the outcry testimony was nevertheless harmful because it allowed the State to improperly bolster Mary's credibility. *See generally Guerra v. State*, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988) ("'Bolstering' occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier *unimpeached* piece of evidence offered by the same party."). But the jury heard directly from Mary and was in the best position to judge Mary's credibility regardless of the outcry testimony. *See Rosales*, 548 S.W.3d at 809. Furthermore, Jane provided detailed testimony to the jury about the sexual abuse committed against her by Medina. Jane then testified as follows without objection:

> Q.     . . . What room would it happen [in] at the . . . house?
>
> A.     His room.
>
> Q.     So it never happened in any other room, except that very first time it happened in your bedroom when you were sleeping?
>
> A.     Yes.
>
> . . . .

Q.      In this house you're saying, then, that you saw [Mary] go into that room.  Is that right?

A.      Yes.

Q.      Did you just kind of know what was going to happen if she was going in that room?

A.      Yes.

Q.      Do you remember anything about that?

A.      She was screaming.  (Weeping)

We are therefore reasonably assured from an examination of the record as a whole that any error in the admission of the outcry testimony did not influence the jury's verdict, or had but a slight effect, and was thus harmless.  *See Gonzalez*, 544 S.W.3d at 373.  We accordingly overrule Medina's first issue.

## Constitutionality of Continuous-Sexual-Abuse Statute

In his second issue, Medina contends that the continuous-sexual-abuse statute is facially unconstitutional because the statute does not require jury unanimity as to which specific acts of sexual abuse were committed by the accused or the exact date when those acts were committed.  *See* TEX. PENAL CODE ANN. § 21.02(d).  This Court and other courts have already considered and rejected the argument presented by Medina.  *See Navarro v. State*, 535 S.W.3d 162, 165-66 (Tex. App.—Waco 2017, pet. ref'd).  We are not persuaded to depart from our precedent holding that the continuous-sexual-abuse statute does not

violate a defendant's constitutional right to jury unanimity. *See id.* at 166. Accordingly,

we overrule Medina's second issue.

Having overruled both of Medina's issues, we affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed September 23, 2020
Do not publish
[CRPM]

