

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00203-CR
_____

VIDAL PRESAS GARCIA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1690338R

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In December 2021, Appellant Vidal Presas Garcia was found guilty of continuous sexual abuse of a young child. The jury assessed his punishment at thirty years' incarceration. On appeal, Garcia argues in a single point that his conviction violated his right to due process because the jury charge failed to require unanimity. We affirm.

### II. BACKGROUND

In June 2021, Garcia was reindicted for the felony offense of continuous sexual abuse of a young child pursuant to Section 21.02 of the Texas Penal Code.[1] This statute provides in pertinent part as follows:

(b) A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is

(A) a child younger than 14 years of age.

. . . .

---

[1]The indictment contained four additional counts, all of which were lesser included offenses of the continuous sexual abuse of a young child offense. Having convicted Garcia of continuous sexual abuse of a young child, the jury did not reach any of the other counts.

(c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:

. . . .

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

. . . .

(d) **If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed.** The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(b)–(d) (emphasis added).

Garcia's trial took place in November and December 2021. Tracking the text

of the statute, the trial court's jury charge included the following language:

You are further instructed that in order to find the defendant guilty of the offense of continuous sexual abuse of a young child or children, **you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed.** However, . . . you must unanimously agree that the defendant, . . . during a period that is 30 or more days in duration, committed two or more acts of sexual abuse. [Emphasis added]

3

Garcia did not object to the jury charge, nor did he request a jury instruction requiring unanimity regarding the specific acts of sexual abuse that form the basis of the offense.

The jury found Garcia guilty and assessed his sentence at thirty years in prison. This appeal followed.[2]

### III. DISCUSSION

In his sole point on appeal, Garcia argues that his due process rights were violated because the trial court's jury charge did not require unanimity. The State counters that Garcia's sole point is, in substance, a constitutional due process complaint, not one of charge error, and that, therefore, Garcia failed to preserve the issue by objecting at trial. Because we agree with the State that Garcia has failed to preserve his sole point and because we have consistently rejected this argument in the past, we will affirm.

"Jury charge complaints need not be preserved with an objection." *Shafer v. State*, No. 02-10-00496-CR, 2012 WL 745422, at *1 (Tex. App.—Fort Worth Mar. 8, 2012, pet. ref'd) (mem. op., not designated for publication); *see also Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004) (noting that "[a]n appellant may raise . . . unobjected-to charge error on appeal"). Rather, whether a defendant objects to the charge merely determines which harm analysis a reviewing court undertakes if it

---

[2]Garcia also filed a motion for new trial, which was denied by operation of law.

finds the charge to be erroneous.[3]  *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *Almanza*, 686 S.W.2d at 171.  Thus, a charge error complaint may be raised for the first time on appeal.  *See Abdnor*, 871 S.W.2d at 732.

In contrast, constitutional due process complaints must be preserved by an objection at trial.  *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding that defendant was required to object at trial that his constitutional right to due process was violated in order to preserve the issue for appeal); *see also Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (noting that "almost all error—even constitutional error—may be forfeited if the appellant failed to object").  Thus, by failing to raise a constitutional due process complaint in

---

[3]As the Texas Court of Criminal Appeals has explained, the harm analysis is more stringent if the defendant failed to object to the charge:

> If there was error and appellant objected to the error at trial, reversal is required if the error "is calculated to injure the rights of the defendant," which we have defined to mean that there is "some harm."  *Almanza*[ *v. State*], 686 S.W.2d[ 157,] 171 [(Tex. Crim. App. 1985) (op. on reh'g)].  If the error was not objected to, it must be "fundamental" and requires reversal . . . only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial."  *Id.*

*Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

5

the trial court, a defendant forfeits appellate review of the issue. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012).

Here, Garcia did not raise a constitutional due process objection at trial and therefore has forfeited the right to appeal his conviction on this basis. *See id.*; *see also Anderson*, 301 S.W.3d at 280; *Briggs*, 789 S.W.2d at 924. In order to circumvent the rules of issue preservation, Garcia attempts to characterize his sole point—which is clearly a constitutional due process complaint—as a charge error issue.

Garcia asserts that the jury charge was erroneous because it violated Code of Criminal Procedure art. 36.14, which requires the charge to "distinctly set[ ] forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. However, as Garcia concedes, the jury charge tracked the language of Section 21.02(d) of the Texas Penal Code. Thus, Garcia's actual complaint cannot be that the jury charge failed to clearly or accurately set forth the applicable law. Rather, his complaint lies with the law itself.

As the following excerpts from Garcia's brief demonstrate, his argument is, in essence, that Section 21.02(d) should be changed to require jury unanimity regarding the underlying acts of sexual abuse, not that the trial court's charge failed to properly set forth the applicable law as currently reflected in the statute:

- The jury charge on the continuous sexual assault of a young child charge permits the jury to convict without obtaining unanimity regarding the acts of sexual abuse alleged to have been committed. The conviction without jury unanimity therefore violates appellant's right to due process.

6

- Because the statute is clear, the question becomes whether it is consistent with due process for the legislature to criminalize a pattern of conduct consisting of the commission of two or more sexually abusive offenses over a period of time without requiring the jury to unanimously agree about the individual offenses the defendant committed.

- Because the statute dispenses with the requirement of jury unanimity[,] it arguably violates the United States and Texas Constitutions, the Texas Code of Criminal Procedure, and is contrary to decades of Texas and federal case law.

As these passages illustrate, Garcia "drapes his complaint in a jury-charge-error claim through which is plainly visible a bare challenge to the constitutionality of [S]ection 21.02(d)." *Shafer*, 2012 WL 745422, at *2. In *Shafer*, we addressed a similar attempt to recast a constitutional due process complaint as one of charge error. *Id.* at *1–2. Shafer, like Garcia, failed to raise a constitutional due process objection at trial and thus tried to frame his appellate argument as charge error. *Id.* at *2. However, disregarding the label of Shafer's complaint and looking instead to its substance, we concluded that Shafer's argument was actually "a plain challenge to the constitutionality of [S]ection 21.02(d)" and that Shafer had forfeited this issue by failing to object at trial. *Id.*

Because Garcia's appellate argument—like Shafer's—is, in substance, a constitutional due process challenge to Section 21.02(d) and Garcia—like Shafer— failed to object on constitutional due process grounds at trial, Garcia has forfeited his claim for review. *Id.* (first citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); then citing *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008);

then citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); and then citing *Carmell v. State*, 331 S.W.3d 450, 460 (Tex. App.—Fort Worth 2010, pet. ref'd)); *see also Anderson*, 301 S.W.3d at 280; *Briggs*, 789 S.W.2d at 924.

Moreover, even assuming that Garcia had not forfeited appellate review of his sole point, we must overrule it on the merits. We and our sister courts have consistently rejected the argument that Section 21.02 violates a defendant's constitutional due process rights or the jury unanimity requirement. *See Williams v. State,* No. 02-20-00104-CR, 2021 WL 5227167, at *7 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op., not designated for publication) (rejecting argument "that unanimity is required under [Section 21.02] as to the underlying offenses and that the trial court erred by not including such an instruction in the charge"); *Heide v. State*, No. 02-20-00056-CR, 2021 WL 2460734, at *3 (Tex. App.—Fort Worth June 17, 2021, pet. ref'd) (mem. op., not designated for publication) (holding that Section 21.02 does not violate a defendant's right to a unanimous jury verdict); *Salinas v. State*, No. 02-18-00060-CR, 2019 WL 1574953, at *11 (Tex. App.—Fort Worth Apr. 11, 2019, pet. ref'd) (mem. op., not designated for publication) (noting that "this court has already held that [Section 21.02] does not violate a constitutional right to a unanimous jury verdict"); *Waters v. State*, No. 02-17-00368-CR, 2018 WL 6565939, at *1 (Tex. App.—Fort Worth Dec. 13, 2018, pet. ref'd) (mem. op., not designated for publication) (same); *Harris v. State*, No. 02-17-00278-CR, 2018 WL 3153605, at *2 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for

publication) (holding Section 21.02 does not violate the Due Process Clause); *Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App.—Fort Worth 2013, no pet.) (holding that Section 21.02 did not violate the right to jury unanimity, even though the statute did not require jury unanimity on which specific acts of sexual abuse were committed by a defendant or the exact dates when the acts were committed); *see also Navarro v. State*, 535 S.W.3d 162, 165–66 (Tex. App.—Waco 2017, pet. ref'd) (holding Section 21.02 does not violate Article V, Section 13); *Fulmer v. State*, 401 S.W.3d 305, 312–13 (Tex. App.—San Antonio 2013, pet. ref'd) (holding Section 21.02 does not violate Article V, Section 13 or Article I, Section 19 of the Texas Constitution or the federal Due Process Clause); *Jacobsen v. State*, 325 S.W.3d 733, 736–39 (Tex. App.—Austin 2010, no pet.) (holding Section 21.02 does not violate Article V, Section 13 or the federal Due Process Clause). Garcia's argument does not persuade us to depart from our precedent or to differ from the persuasive decisions of other courts of appeals.

We overrule Garcia's sole point.

## IV. CONCLUSION

Having overruled Garcia's sole point, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 23, 2022

9