

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00238-CR

**JORGE A. CARBAJAL,**

                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                  **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2019-1077-C2

## MEMORANDUM  OPINION

In four issues, appellant, Jorge A. Carbajal, challenges his conviction for continuous sexual abuse of a young child.[1] *See* TEX. PENAL CODE ANN. § 21.02(b). We affirm.

---

[1] Carbajal received a fifty-year sentence for his conviction for the offense of continuous sexual abuse of a young child. He was also convicted of one count of indecency with a child by exposure for which he received a ten-year prison sentence. The trial court ordered the sentences to run concurrently. In his original appellant's brief, Carbajal did not challenge his conviction for indecency with a child by exposure. Rather, his first three issues were directed at his conviction for continuous sexual abuse of a young child. Because counsel for Carbajal did not challenge Carbajal's conviction for indecency with a child by exposure,

**Jury Charge Error**

In his first issue, Carbajal asserts that the guilt-innocence charge erroneously instructed that the underlying acts of sexual abuse had to be thirty days in duration, instead of thirty days apart.

STANDARD OF REVIEW

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether the charge contains error. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If the jury charge contains error, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). The court will reverse if an error was properly preserved by objection and is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, where a party does not properly preserve error by proper objection, the court will only reverse for egregious harm, meaning Carbajal did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, Carbajal must have suffered actual harm and not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

---

we ordered counsel to address the conviction by either filing a motion to withdraw and *Anders* brief or a brief on the merits. *See Cummins v. State*, 646 S.W.3d 605, 609 (Tex. App.—Waco 2022, pet. ref'd); *see also Kirven v. State*, No. 10-14-00122-CR, 2015 Tex. App. LEXIS 12777 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication); *Kirven v. State*, No. 10-15-00359-CR, 2015 Tex. App. LEXIS 12775 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication); *Kirven v. State*, No. 10-14-00122-CR, 2015 Tex. App. LEXIS 13151 (Tex. App.—Waco Oct. 22, 2015, order) (per curiam). In a supplemental brief, counsel for Carbajal has asserted one issue challenging the sufficiency of the evidence supporting his conviction for indecency with a child by exposure.

DISCUSSION

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). "The statutory list of offenses that count as 'acts of sexual abuse' are listed in subsection (c) of Section 21.02," and that list includes indecency with a child and sexual assault. *Id.* (citing TEX. PENAL CODE ANN. § 21.02(c)).

In this case, the application portion of the guilt-innocence charge allowed the jury to convict Carbajal of continuous sexual abuse of a young child if it found beyond a reasonable doubt that,

> the Defendant, Jorge A. Carbajal, in McLennan County, Texas, did then and there, during a period that was 30 or more days in duration, to-wit:  from on or about the 21st day of July, 2016 through the 1st day of January, 2019, when the Defendant was seventeen (17) years of age or older, commit two or more acts of sexual abuse against a child younger than fourteen (14) years of age, namely, the Defendant did then and there intentionally or knowingly cause the sexual organ of Jane Doe, a pseudonym, a child who at the time was younger than fourteen (14) years of age, to contact the sexual organ of Defendant,

> AND/OR

> did then and there, with the intent to arouse or gratify the sexual desire of any person intentionally or knowingly engage in sexual contact with Jane Doe, a pseudonym[,] by touching the sexual organ of Jane Doe, a pseudonym, a child who at the time was younger than fourteen (14) years of age, by means of the Defendant's sexual organ, then you will find the

Defendant guilty of the offense of Continuous Sexual Abuse of a Young Child as charged in Count I of the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "Not Guilty."

Carbajal notes on appeal that two other Texas appellate courts have held that similar language—namely, the incorporation of dates after the clause "during a period that was 30 or more days in duration"—used in a guilt-innocence charge is erroneous. *See Smith v. State*, 340 S.W.3d 41, 50-53 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Williams v. State*, 305 S.W.3d 886, 892-93 (Tex. App.—Texarkana 2010, no pet.). Assuming, without deciding, that the application portion of the guilt-innocence charge contained error, we conclude that Carbajal was not egregiously harmed by the purported error.

Carbajal did not object to the jury charge in the trial court; thus, we examine the record for egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

**The Entirety of the Charge**

Looking at the guilt-innocence charge as a whole, the abstract portion accurately stated the substantive law on the offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b). Specifically, the abstract portion included the following definition:

> A person commits the offense of Continuous Sexual Abuse of a Young Child if, during a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more children and, at the time of the commission of each of the acts of sexual abuse, the person was 17 years of age or older and the child is a child younger than 14 years of age.

*See id.* ("A person commits an offense if . . . during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and . . . at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is . . . a child younger than 14 years of age . . . ."). The abstract portion of the guilt-innocence charge also provided that:

> With regard to Count I, you are instructed that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, if any, were committed by the Defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the Defendant, during a period that was 30 or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.

Although the application paragraph did not track section 21.02(b), the abstract portion of the charge did. Consequently, within the context of the entire jury charge, the

purported error in the application paragraph appears less harmful. *See Turner v. State*, 573 S.W.3d 455, 462-64 (Tex. App.—Amarillo 2019, no pet.) (concluding that although the application paragraph confused the statutorily-required thirty-day period for continuous sexual abuse with the "on or about" periods alleged with respect to the commission of the predicate offense, "the erroneous wording of the application paragraph is not so outrageous as to be considered egregious in and of itself. As noted by the State, the application paragraph does 'track' the statute. While this consideration alone is not enough to say that the error was not egregious, it does mitigate against a finding in that regard"); *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (concluding that error in the application paragraph of the charge was minimized by an accurate statement of substantive law on the charged offense in the abstract portion of the charge); *see also Jimenez v. State*, No. 07-13-00303-CR, 2015 Tex. App. LEXIS 10951, at **16-17 (Tex. App.—Amarillo Oct. 26, 2015, pet. ref'd) (mem. op., not designated for publication) (noting that correct instructions elsewhere in the charge "serve to mitigate the impact of the erroneous application paragraph language"). As such, we cannot conclude that this factor weighs in favor of a finding of egregious harm.

**The State of the Evidence**

Regarding the state of the evidence, Carbajal denied committing any acts of sexual abuse against the child victim. The State presented testimony from the child victim, the child victim's mother, and Dr. Soo Battle, who conducted a medical examination of the

child victim, as to multiple incidents of sexual abuse perpetrated by Carbajal. As we note in our analysis of Carbajal's third issue, this testimony was sufficient to establish that Carbajal committed two or more acts of sexual abuse against the child victim, who was younger than fourteen years old at the time of the incidents, during a period that was thirty or more days in duration. Therefore, because there was ample evidence of Carbajal's guilt presented at trial, we cannot conclude that this factor weighs in favor of egregious harm.

### Arguments of Counsel

With respect to the next factor, the arguments of counsel focused entirely on witness credibility. Counsel for Carbajal pursued the defensive theory of fabrication, arguing that the accusations made by the child victim were the product of coaching by the child's mother to get custody of the child during divorce proceedings. At no point did Carbajal specifically assert that the State's case was deficient based on the thirty-day requirement. The State briefly addressed the thirty-day requirement in voir dire and mentioned in closing that this element has been met through trial testimony. Regardless, on this record, we cannot say that the arguments of counsel affected the very basis of the case. Thus, we conclude that this factor does not clearly weigh in favor of egregious harm.

**Other Relevant Information**

Finally, Carbajal urges that the allowance of non-unanimity as to the underlying acts of sexual abuse aggravated harm. *See* TEX. PENAL CODE ANN. § 21.02(d) ("[M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed."). However, Texas courts have held that section 21.02(d) does not violate the state constitutional right to jury unanimity. *Navarro v. State*, 535 S.W.3d 162, 165-66 (Tex. App.—Waco 2017, pet. ref'd) (collecting cases); *see Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.) (collecting cases). Accordingly, we cannot conclude that this factor weighs in favor in egregious harm.

**Summary**

Based on the foregoing, we conclude that any error in the application portion of the guilt-innocence charge was not calculated to injure Carbajal's rights or deprive him of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. We overrule Carbajal's first issue.

**Jury Unanimity**

In his second issue, Carbajal argues that the trial court erred by not requiring jury unanimity in the charge. Specifically, Carbajal contends that jury unanimity is required under section 21.02 as to the underlying acts of sexual abuse and that the trial court erred by not including such an instruction in the charge. As mentioned earlier, section 21.02(d)

of the Texas Penal Code does not require jury unanimity as to the specific acts of sexual abuse that were committed by the defendant or the exact dates when those acts were committed. TEX. PENAL CODE ANN. § 21.02(d). Moreover, Texas courts have repeatedly rejected substantially similar arguments to that made by Carbajal, holding that the individual acts of sexual abuse are the manner and means by which the element of "two or more acts of sexual abuse" is committed, and not elements in and of themselves. *See Navarro*, 535 S.W.3d at 165-66 (collecting cases); *see also Pollock*, 405 S.W.3d at 405 (collecting cases).

Nevertheless, Carbajal asks us to reconsider these cases in light of the United States Supreme Court's opinion in *Ramos v. Louisiana*, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020). In *Ramos*, the Court concluded that the Sixth Amendment of the United States Constitution's right to a jury trial, as incorporated against the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. *Id.* at 1397. As such, the Court declared unconstitutional certain laws in Louisiana and Oregon that permitted convictions of serious offenses on jury verdicts agreed to by only ten of twelve jurors. *Id.* at 1394, 1397.

After reviewing *Ramos*, we are unpersuaded by Carbajal's argument that the holding in *Ramos* somehow invalidates the prior holdings of Texas courts with respect to whether section 21.02 of the Texas Penal Code requires jury unanimity as to the underlying offenses. The prior holdings of Texas courts did not turn on the same type of

Sixth-Amendment issue as *Ramos*; rather, they turned on whether "the specific acts of sexual abuse alleged to have constituted CSA [continuous sexual abuse] are not separate elements of the offense subject to the unanimity requirement." *Ingram v. State*, 503 S.W.3d 745, 748 (Tex. App.—Fort Worth 2016, pet. ref'd); *see Navarro*, 535 S.W.3d at 166 (noting that section 21.02 does not violate a defendant's constitutional right to jury unanimity because "the individual acts of sexual abuse are the manner and means by which the elements of 'two or more acts of sexual abuse' is committed, and not elements in and of themselves"); *see also Gonzales v. State*, No. 10-21-00294-CR, 2022 Tex. App. LEXIS 6004, at **6-8 (Tex. App.—Waco Aug. 17, 2022, pet. ref'd) (mem. op., not designated for publication) (same). Therefore, we reject Carbajal's suggestion that *Ramos* changes Texas precedent that the underlying offenses are not separate elements subject to the unanimity requirement. *See, e.g., Williams v. State*, No. 02-20-00104-CR, 2021 Tex. App. LEXIS 9173, at **18-20 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op., not designated for publication) (concluding that *Ramos* does not alter Texas precedent that the underlying acts of sexual abuse are not separate elements subject to the unanimity requirement). Accordingly, we hold that the trial court did not err by not requiring unanimity in the charge as to the underlying acts of sexual abuse that constituted the continuous sexual abuse of the child victim in this case. We overrule Carbajal's second issue.

**Sufficiency of the Evidence**

In his third issue, Carbajal challenges the sufficiency of the evidence supporting his conviction for continuous sexual abuse of a young child. Specifically, he argues that the evidence is insufficient to prove two acts of sexual abuse thirty days apart.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so

long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD

To support a conviction for continuous sexual abuse of a young child, the State is not required to prove the exact dates of the sexual abuse, but it is required to show "that two or more acts of sexual abuse occurred during a period of thirty days or more." *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.) (citing *Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2016, pet. ref'd)). And as mentioned previously, although the jury is not required to agree on which specific acts were committed by the defendant or the dates on which they occurred, it must unanimously agree that the defendant committed two or more acts of sexual abuse over a period of thirty days or more. TEX. PENAL CODE ANN. § 21.02(b)(1); *Garner*, 523 S.W.3d at 271; *Baez*, 486 S.W.3d at 595 ("The Texas Legislature 'created the offense of continuous sexual abuse

of a child in response to a need to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse.'" (quoting *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.))).

The child victim, who was ten years old at the time of trial, testified that Carbajal "abused [her], sex—sex abuse . . ." at their house.  The child victim described how Carbajal would put her on his lap and that she had to comply or else he would hit her with a belt or kill her mom and take her to Honduras.  The child victim "felt pain because his middle part would go up in my private part."  She later clarified that Carbajal "would like lift it up and make it go like in my private part, or sometimes he would get his middle part and touch my private part with his middle part" when she was five or six years old.  The child victim recalled that this happened more than two times.  She recalled seeing Carbajal's "middle part was up" after she was sitting on his lap.

The child victim described Carbajal's penis or "middle part" as being "brown and had hairs."  On cross-examination, the child victim noted that Carbajal would sometimes "take down my pants and he would kiss my private part" and that he had done this more than two times.

The child victim's testimony was corroborated by both Dr. Soo Battle, who examined the child victim for sexual abuse, and the child's mother.  Dr. Battle testified about her report, which was admitted into evidence and stated, in relevant part:

[Child victim] said they used to live with her dad Papi [Carbajal]. She said she doesn't like to call him Papi or anything anymore. I [Dr. Battle] asked her why not. She said, "Cause he would sometimes sit me on his 'cola con pelos' (Spanish words). The translator said that translated to 'butt with hair.' I asked [the child victim] to point to where a cola con pelos was and she pointed to her crotch. I showed her some anatomical drawings and she pointed specifically to a penis when showing me what a cola con pelos was. She demonstrated putting hands on her hips and placing someone on her lap. I asked her what her dad did with his cola. She said, "He would go in my colita (Spanish word)." She clarified on an anatomical drawing and by pointing on her body that her colita was her vagina. I asked her if their clothes were on, off, down, or up. She said his clothes "were sometimes on, sometimes off" but that her own clothes always stayed on. She said, "He would sit me there, on his cola con pelos, and then I would move off." She said even though her clothes were on, she could "feel his cola con pelos in my colita." I asked her if his cola just touched the outside lips part of her colita or if it went in the middle. She said, "It would sort of go in the middle. It hurt." She said he did that "a lot of times" and that it would hurt but not cause bleeding. She said he started doing that before she was in 2nd grade, but she didn't know exactly when. . . . She denied him ever touching her vagina inside her clothes or without her clothes on. She denied him touching his penis to her mouth or butt. She denied him touching his hands or fingers to her body. She denied him touching his mouth to her body or her touching her mouth to his body. I asked her if she ever touched his body with her hands and she said (via translator), "No. But one day I was playing and he came out of the bathroom with just a towel. He removed the towel to show me his cola con pelos. I just turned and faced the wall. . . ." She said she was scared to tell anyone (translated) "because he always said if I don't obey him, he'll hit me with a belt. But my mom always defended me. . . ." He always says that my mom is gonna die or he's gonna do revenge on her or he's gonna take me away to Honduras if she tells anybody what happens in our house."

Dr. Battle noted that the language used by the child victim was advanced, but still appropriate for a seven-year-old. Dr. Battle also explained that the hymen of a pre-pubertal child, such as the child victim in this case, would be "very tender to touch" and

could explain why the child victim experienced pain while sitting clothed on Carbajal's erect penis.

The child victim's mother also described several incidents of sexual abuse and provided additional clarification regarding when the incidents of sexual abuse occurred. First, she recalled that in 2012, when the child victim was nine months old, she left the child in Carbajal's care, and when the mother returned, the child was crying a lot and appeared to have been crying for a long time. The child's vagina was irritated and rosy. When confronted, Carbajal was nervous and angry. According to the mother, Carbajal threatened that if the mom ever accused him of anything, he would take the child and flee to Honduras or he would kill the mother and keep the child.

Additionally, the child victim's mother recounted that she observed Carbajal with the child victim between his legs. When the child got up, the mother saw that Carbajal's penis was erect while wearing shorts made of a thin material. The child's mother testified that this happened twice—in September 2017, and January 2018.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Carbajal sexually abused the child victim in this case two or more times during a period that was thirty days or more in duration. *See* TEX. PENAL CODE ANN. § 21.02; *Zuniga*, 551 S.W.3d at 732-33; *Garner*, 523 S.W.3d at 271; *Baez*, 486 S.W.3d at 595. Accordingly, we hold that the evidence is sufficient to support Carbajal's conviction for continuous sexual abuse of

a young child.  *See* TEX. PENAL CODE ANN. § 21.02; *Zuniga*, 551 S.W.3d at 732-33; *Garner*,

523 S.W.3d at 271; *Baez*, 486 S.W.3d at 595.  We overrule Carbajal's third issue.

INDECENCY WITH A CHILD BY EXPOSURE

In his fourth issue, Carbajal contends that the evidence is insufficient to support

his conviction for indecency with a child by exposure.  Specifically, he asserts that the

evidence is insufficient to prove intent to arouse or gratify his sexual desire.

In a prosecution for indecency with a child, a defendant's specific intent to arouse

or gratify his sexual desire can be inferred from his conduct, his remarks, and all

surrounding circumstances.  *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App.

[Panel Op.] 1981); *Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no

pet.).  Intent can be inferred from conduct alone, and no oral expression of intent or visible

evidence of sexual arousal is necessary.  *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—

Texarkana 2006, pet. ref'd).

The child's mother testified that in May 2018, when the child was six years old,

Carbajal came out of the bathroom with no clothes on, but with a towel covering his

midriff.  The child's mother recounted that while the child was playing in the room,

Carbajal "got in front of [the child]" and "took off the towel."  Carbajal did not

immediately get dressed.  Rather, he walked around the room naked for "some minutes."

The child testified that when Carbajal dropped the towel, she "tried to turn away, but

then he like came closer so I can like see it, and he wanted me to touch it."  When the

child was asked how she knew Carbajal wanted her to touch his penis during the towel-dropping incident, the child stated "he would pull my hand.  So like—do he wanted me to touch it.  Because he would like put me—my hand close to it."  The child's mother confronted Carbajal, asking him "why are you doing this in front of your daughter, because she can see your parts."  Carbajal became angry and threatened to kill the child's mother and take the child away to Honduras.  Carbajal denied all wrongdoing in his testimony.

After reviewing all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Carbajal exposed himself to the child with the intent to arouse or gratify his sexual desire.  *See McKenzie*, 617 S.W.2d at 216; *Moore*, 397 S.W.3d at 754; *Scott*, 202 S.W.3d at 408.  And to the extent that the evidence conflicts, we are to defer to the jury's resolution of such inconsistencies in the evidence.  *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge.").  Accordingly, we hold that the evidence is sufficient to support Carbajal's conviction for indecency with a child by exposure.  We overrule Carbajal's third and fourth issues.

**Conclusion**

Having overruled all of Carbajal's issues on appeal, we affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith,
    and Justice Rose[2]
(Chief Justice Gray concurs in the judgment only.)
Affirmed
Opinion delivered and filed September 21, 2023
Do not publish
[CRPM]



---

[2] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.